IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TODD ALAN DUELL,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP CHANG, *et al.*,<br><br>Defendants. | Case No. 24-cv-00430-DKW-WRP<br><br>**ORDER (1) DENYING AS-CONSTRUED MOTION FOR RECUSAL, AND (2) DISMISSING CASE WITHOUT PREJUDICE** |

On October 17, 2024, the Court provided Plaintiff Todd Alan Duell with a second and final opportunity to either pay the balance of the $405 overdue filing fee or file an application to proceed *in forma pauperis*. Dkt. No. 7.[1] Although Duell was allowed until October 28, 2024 to do one of those two things, as of the date of this Order, Duell has done neither. Instead, on October 23, 2024, Duell filed a largely nonsensical document, which, liberally construed, appears to indicate an intent on his part to bring some form of *criminal* proceeding against various individuals. *See* Dkt. No. 8.[2] In addition to the foregoing, in the same

---

[1] Duell initially paid a $52 filing fee after attempting to file this action as a "miscellaneous" proceeding—an improper procedure. The Court, therefore, converted this case to a civil proceeding on October 2, 2024. Dkt. No. 3.

[2] Perhaps to confirm Duell's intention, on October 28, 2024, he also filed an "Affidavit" purportedly in support of his efforts to bring a criminal proceeding. *See* Dkt. No. 9.

filing, Duell also appears to seek the recusal of the undersigned, pursuant to 28 U.S.C. Section 455. *Id*. at 6-7. The Court, therefore, addresses recusal first.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." Liberally construed, Duell appears to contend that recusal is warranted because he disagrees with the conversion of this case from a miscellaneous to a civil proceeding. *See* Dkt. No. 8 at 6-7 (asserting that the Court denied Duell the "right to convene a grand jury"). Duell's disagreement with the Court's rulings, however, is not a basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Rules for Judicial-Conduct and Judicial-Disability Proceedings 4(b)(1) ("[c]ognizable misconduct does not include an allegation that calls into question the correctness of a judge's rulings…."). Moreover, contrary to Duell's apparent belief, he is not entitled to bring *criminal* proceedings. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). There is, thus, no basis for recusal in this case, and Duell's as-construed motion for recusal, is DENIED.

This leaves Duell's failure to both pay the required filing fee for this proceeding and comply with clear instructions of the Court. As Duell was forewarned in the Final Deficiency Order, his failure to either pay the balance of the filing fee or file an application to proceed *in forma pauperis* would result in automatic dismissal of this action. Dkt. No. 7. Nothing in Duell's filings has come close to complying, indicated an intent to do so, or otherwise provided a reason not to dismiss this case. As a result, having considered the factors in *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992), the Court DISMISSES WITHOUT PREJUDICE this action for failure to both pay the required filing fee and comply with clear instructions of the Court.

The Clerk is instructed to CLOSE this case.

IT IS SO ORDERED.

Dated: November 1, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge